THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | | |
|---|---|---|
| **In re:** | * | |
| **BURTONSVILLE CROSSING, LLC** | * | Case No. 21-10491 |
| | * | Chapter 11 |
| Debtor. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| **In re:** | * | |
| **ELDERHOME LAND, LLC** | * | Case No. 21-10492 |
| | * | Chapter 11 |
| Debtor. | * | Jointly Administered Under 21-10492 |

* * * * * * * * * * * * *

**EXPEDITED MOTION FOR AUTHORITY TO ENTER INTO PREPAID FORWARD PURCHASE AGREEMENT AND RELATED DOCUMENTS**

Burtonsville Crossing, LLC and ElderHome Land, LLC, debtors and debtors-in-possession (collectively the "Debtors"), pursuant to 11 U.S.C. §§ 105, 363, 364 and Rules 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, hereby move for entry of an order authorizing the Debtors to enter into that certain Prepaid Forward Purchase Agreement (the "Agreement") and related documents (the "Sale Transaction") for the purposes of (i) funding the fees and costs of litigating certain Litigation, Claims[1] and causes of action and (ii) providing ElderHome Land certain working capital/development related funds and, in support thereof, state as follows:

---

[1] Unless otherwise stated, Capitalized terms shall have the definitions ascribed to them in the Agreement.

1

**Preliminary Statement**

1. The Sale Transaction will provide the Debtors necessary funding to pursue certain Litigation, Claims and causes of action, as well as funding to complete entitlement work on the ElderHome Land Property which is necessary in order for the Debtors to obtain a construction loan to repay the to-be-determined amount of Millenium's secured claim.

2. Before agreeing to the Sale Transaction, the Debtors contacted several lenders and firms that provide, *inter alia*, litigation funding and inquired of their willingness to provide funds to the Debtors for prosecution of the Debtors' Claims against Millenium, in particular. The Debtor received several expressions of interest. After evaluating the various loan facilities, the Debtors, in their business judgment, determined that the Sale Transaction was the best proposal, and would provide sufficient funds for the Debtors to litigate their Claims while at the same time provide necessary funds to complete certain entitlement work required for the Debtors to obtain a construction loan on the ElderHome Land Property, which, will, among other things, satisfy the amount of Millenium's to-be-determined allowed secured claim.

3. The terms of the Sale Transaction are discussed in more detail below, but consists generally of the funding of $500,000 to the Debtors by SC210034, LLC, a Delaware limited liability company, for use by the Debtors for certain documented legal fees and expenses, project entitlements, and other working capital. In consideration of the funding, subject to Court approval, the Sellers have agreed to sell to SC210034, LLC all rights, title, benefits and interests in and to the Litigation Proceeds and, specifically, the Purchaser's Restructuring Return and Purchaser's Share, as those terms are defined in the Agreement. *See Agreement*, at pp. 4-5.

4. For the reasons discussed below, the Debtors respectfully request authority to enter into the Sale Transaction.

## Jurisdiction

5. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

## Background

7. On January 25, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8. The Debtors' bankruptcy cases are jointly administered. The Debtors continue to manage their properties and financial affairs as Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. Burtonsville Crossing owns approximately 11 acres of commercial property located in Montgomery County, Maryland (the "Burtonsville Crossing Property").

10. ElderHome Land owns approximately 5.86 acres of commercial property located in Montgomery County, and is the site of a proposed senior housing project (the "ElderHome Land Property").

11. Prior to the Petition Date, the Debtors obtained a loan from Millenium Investment Group, LLC ("Millenium") evidenced by, among other things, a Promissory Note in the original principal amount of $2,800,000.00, and a Deed of Trust securing the ElderHome Land Property and the Burtonsville Crossing Property.

12. As of the Petition Date, Millenium asserted a secured claim against the Debtors in the amount of $4,982,108.68. The Debtors dispute Millenium's secured claim, and assert

various Claims and causes of action against Millenium, including, *inter alia*, breaches and tortious Claims and causes of action.

13. On May 3, 2021, the Debtors filed a Motion to Retain Gordon & Simmons, LLC as Special Counsel to the Debtors to prosecute the Debtors' claims against Millenium [Docket No. 48]. On May 26, 2021, the Court entered an Order authorizing the Debtors to retain Special Counsel.

14. Prior to the Petition Date, a non-debtor obligor of the Millenium loans reviewed the Debtors' claims and causes of action and believe that strong and valuable claims exist.[2] To realize the value of the Debtors' claims, however, will require the Debtors to expend funds they currently do not have.

**Relief Requested**

15. Pursuant to §§ 363(b) and (f), the Debtors request authority to sell, free and clear of liens, claims and encumbrances, the Debtors' right, title and interest in and to the Purchaser's Share and Purchaser's Restructuring Return, for the sum of up to $500,000.00, in accordance with the terms set forth in the Prepaid Forward Purchasing Agreement (the "Agreement"). *See Agreement*, at p. 6, ¶ 2.1; *see also* ¶ 16(v)-(vi), *infra*.[3]

16. The Debtors contacted several firms in the business of providing litigation funding and other financing facilities. After reviewing the various loan facilities, the Debtors have determined, in their business judgment, that the terms offered by SC210034, LLC (the

---

[2] Millenium disputes that they breached any obligations to the Debtors, or are liable to the Debtors for any acts or inactions.
[3] The Sale Transaction represents a true sale. The relief requested in the Motion is also permitted by Sections 364(c)(1), (c)(2) and (c)(3), 364(d) and 364(e).

"Buyer") are the best terms available to the Debtors. The material terms of the Sale Transaction are as follows:[4]

   i. **Buyer's Identity**: SC210034, LLC, a Delaware Limited Liability Company. *See Agreement,* at p. 1.

   ii. **Relationship between Buyer and Seller:** No Relationship.

   iii. **Total Deployments:** Up to $500,000.00. *See Agreement,* at p. 6 ("Commitments and Deployments").

   iv. **Litigation Proceeds:** Among other things, any and all proceeds, receivables, property, cash, concessions, and other consideration payable or transferred directly or indirectly to or for the benefit of Debtors in connection with the Litigation, any Claims or otherwise (whether by settlement, judgment or otherwise). Additionally, Litigation Proceeds shall include the positive difference, if any, of (a) the maximum liability claimed by Millenium against Debtors' in these Bankruptcy Cases, minus (b) the actual amount Debtors are ultimately determined to owe to Millenium, as determined by a final order of the bankruptcy court or otherwise settled, paid, or agreed to be paid between Debtors and Millenium. *See Agreement,* at pp. 3-4.

   v. **Purchaser's Restructuring Return**: means a return of 2.00% per month, compounded monthly, on Total Deployments from time to time, which Total Deployments shall be calculated as of the last day of each calendar month, *plus* the amount of the Total Deployments from time to time. By way of example, if Ten Thousand and 00/100 Dollars ($10,000.00) are deployed monthly in each of the first twelve (12) months of the year, Purchaser's Restructuring Return, with a 2.00% monthly return, compounded monthly, would be Sixteen Thousand Eight Hundred Three and 32/100 Dollars ($16,803.32), *plus* the Total Deployments of One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00), or One Hundred Thirty-Six Thousand Eight Hundred Three and 32/100 ($136,803.32). *See Agreement,* at pp. 4-5 ("Purchaser's Restructuring Return").

   vi. **Purchaser's Share:** means the greater of (a) Two Hundred Thousand and 00/100 Dollars ($200,000) or (b) the product of (i) Total Deployments *multiplied by* (ii) the Multiple; provided, however, that the Purchaser's Share shall not exceed the Litigation Proceeds. By way of example, if

---

[4] The summary of the terms of the Sale Transaction is qualified in its entirety by reference to the Prepaid Forward Purchase Agreement and related documents, which are attached hereto as Exhibit A. Capitalized terms shall have the meaning ascribed to them in the Prepaid Forward Purchase Agreement.

Total Deployments is Five Hundred Thousand and 00/100 Dollars ($500,000.00) and the Purchaser's Share is to be paid to Purchaser on July 31, 2022, the Multiple would be 0.5, and, therefore, the Purchaser's Share would be Total Deployments *multiplied by* the Multiple, or Two Hundred and Fifty Thousand and 00/100 Dollars ($250,000.00). *See Agreement,* at pp. 5 ("Purchaser's Share").

vii. **Use of Deployments**: for payment of Debtors' documented legal fees and expenses in the litigation, project entitlements, and Debtors' other working capital needs. *See Agreement,* at p. 6.

viii. **Debtors' Indemnity:** Debtors' indemnify Buyer for fees, costs and damages incurred by Buyer (a) as a result of Debtors' breach of any representations, warranties, covenants, or agreements made by Debtors; (b) on account of any claim against Buyer in connection with the Claims or Cases (as those terms are defined in the Prepaid Forward Purchase Agreement); (c) resulting from any subpoena, discovery or other proceeding arising in connection with the Sale Transaction. *See Agreement,* at p. 15.

ix. **Security Interest / Lien**: a first priority lien on and against all assets of the Debtors, (a) including accounts, receivables, chattel paper, inventory, equipment, furnishings, fixtures, instruments including promissory notes, investment property, documents, deposit accounts, letter of credit rights, general intangibles, leasehold rights, contract rights, easement rights, and proceeds from any of the forgoing; (b) the Litigation Proceeds (as defined in the PrePaid Forward Purchase Agreement); (c) the Claims (as defined in the PrePaid Forward Purchase Agreement); (d) a true and correct copy of Debtors' books, records, files, correspondence, evidentiary materials and records pertaining to the Claims; (e) rights under any appeal bond or similar instrument posted by any of the Defendants to the Litigation; and (f) all proceeds of the foregoing, **subordinate only to any existing, validly perfected lien on any Collateral of Millenium and Lawyers Funding Group, LLC, if and as Allowed.** *See Agreement,* at p. 16 ("Security Agreement") and p. 19 ("Subordinate Lien").

x. **Term and Termination:** No later than July 31, 2023. *See Agreement,* at pp. 5, 14-15 ("Restructuring Date").

xi. **Reimbursement of Costs to Buyer:** Debtors shall be responsible for up to $25,000 of Buyer's out-of-pocket costs and expenses associated with the Sale Transaction, which shall be paid by Debtors out of the Commitment Amount in full and treated as a Deployment on the closing date of the PrePaid Forward Purchase Agreement. *See Agreement,* at p. 21 ("Costs, Expenses and Fees").

xii. **Events of Default:** Among other things, Adverse Effect on the Cases, Debtors' financial condition or the collection of any Litigation Proceeds. *See Agreement,* at p. 7 ("Termination and Reduction of Commitment") and p. 17-18 ("Covenants").

xiii. **Relief from Bankruptcy Rule 6004(h):** The Debtors request relief from the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

17. Though the Sale Transaction is a True Sale, the Sale Transaction will be secured by a first priority lien on and security interests in substantially all assets of the Debtors, junior only to any existing and validly perfected liens of Millenium and, to the extent valid and allowed, the UCC-1 of Lawyers Funding Group, LLC.[5] *See* Agreement at p. 16, ¶ 10.1 and p. 19, ¶ 10.9.

18. Without the Sale Transaction, it would be difficult for the Debtors to prosecute the claim against Millenium, which the Debtors, in consultation with their Special Counsel, believe are strong and valuable, and in the best interest of the Debtors and their Bankruptcy Estates. Furthermore, the Sale Transaction will provide funding for the Debtors to complete entitlement work on the ElderHome Land Property, which will inure to the benefit of all creditors.

19. The Debtors believe that the Sale Transaction is in the best interests of the Debtors and their bankruptcy estates, and should be approved. *See DiStefano v. Stern (In re JFD Enters.)*, 2000 U.S. App. LEXIS 9162, at *15-16 (1st Cir. May 1, 2000) ("Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference."); *In re Alpha Natural Res.,* 546 B.R. 348, 356 (Bankr. E.D. Va. 2016) ("Courts apply the deferential business judgment test when analyzing transactions under § 363(b)(1); *In re Georgetown Steel Co., LLC,* 306 B.R. 549, 555 (Bankr. D. S.C. 2004) ("It has

---

[5] Burtonsville Crossing intends to file an objection to the alleged claim of Lawyers Funding Group, LLC.

long been recognized that courts should approve the exercise of a debtor's business judgment unless it is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim or caprice.").

20. The Debtors' access to the funding described herein will allow the Debtors an opportunity to prosecute their Claims and causes of action against Millenium for the benefit of all creditors, and obtain working capital to complete entitlement work on the ElderHome Land Property, which will pave the way for the Debtors to obtain a construction loan that will satisfy Millenium's to-be-determined allowed claim.

21. The Debtors are presently unable to obtain, in the ordinary course of business or otherwise:

(a) Pursuant to §§ 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense; or

(b) Pursuant to § 364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all administrative expenses of the kind specified in §§ 503(b) or 507(b) of the Bankruptcy Code, other than U.S. Trustee fees.

22. After considering all of the alternatives, the Debtors have concluded, in the exercise of their business judgment, that the Sale Transaction represents the best funding source available to the Debtors and is in the best interest of the Debtors and their bankruptcy estates.

23. The Buyer and the Debtors have negotiated the terms and conditions of the Sale Transaction in good faith and at arms-length, and the terms and conditions of the Sale Transaction are fair and reasonable and are supported by reasonably equivalent value. The

Debtors request that the Court authorize the Sale Transaction, free and clear of liens, claims and encumbrances, and find that the Sale Transaction was negotiated and extended in good faith pursuant to §§ 363(m) and 364(e) of the Bankruptcy Code.

24. Compelling circumstances support approval of the Sale Transaction. Inasmuch as the Sale Transaction does not impair Millenium's collateral rights, and insofar as the Sale Transaction will provide funding to complete entitlement work on the ElderHome Land Property, the Debtors submit that the relief requested in the Motion is in the best interest of the Bankruptcy Estates and their creditors.

25. A form of Order authorizing the relief requested in the Motion is attached to this Motion.

**WHEREFORE,** Burtonsville Crossing, LLC and ElderHome Land, LLC respectfully requests that the Court enter an Order granting this Motion; authorizing the Sale Transaction pursuant to Sections 363 and 364 of the Bankruptcy Code under the terms set forth in the Prepaid Forward Purchase Agreement, and grant such other and further relief as is just and appropriate.

Date: July 30, 2021

Respectfully submitted,

MCNAMEE HOSEA, P.A.

/s/ Steven L. Goldberg
Steven L. Goldberg (Fed Bar No. 28089)
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(t) 301-441-2420
(f) 301-982-9450
sgoldberg@mhlawyers.com
*Counsel to the Jointly Administered Debtors*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2021, a true and correct copy of the foregoing has been furnished by first class mail and/or electronically to:

**By CM/ECF**

Lisa Stevens (lisa.y.stevens@usdoj.gov)
Thomas Kokolis (tjokolis@pskfirm.com)

**By First Class Mail, Postage Pre-Paid**

ECS Mid-Atlantic, LLC
14026 Thuderbolt Place
Suite 100
Chantilly, VA 20151

Lantz-Boggio Architects, P.C.
5650 DTC Parkway, Suite 200
Englewood, CO 80111

Lantz-Boggio Architects, P.C.
c/o Craig Roswell
111 S. Calvert Street
#1400
Baltimore, MD 21202

Geotechnical Laboratories, Inc.
8980 State Road 108
Suite D
Columbia, MD 21045

Burtonsville Associates, LLC
501 Coalbrook Drive
Midlothian, VA 23114

Discelpolo LLP
8808 Centre Park Drive
Suite 306
Columbia, MD 21045

Hertzbach & Company, P.A.
P.O. Box 6089
Hermitage, PA 16148

Mustang Specialty Funding, LLC
P.O. Box 083170

Chicago, IL 60691-0179

Olender Reporting
1100 Connecticut Avenue, NW
Suite 310
Washington, DC 20036

Lawyers Funding Group, LLC
2 Penn Center, Suite 1700
J.F. Kennedy Blvd
Philadelphia, PA 19102

Montgomery County
Office of the County Attorney
101 Monroe Street
Rockville, MD 20850

Comptroller of Maryland
Compliance Division
301 West Preston Street, Room 409
Baltimore, MD 21201

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia PA 19101

Storzer & Associates, P.C.
1025 Connecticut Avenue, NW
Suite 810
Washington, DC 20036

Law Offices of Michelle Rosenfled, LLC
1 Research Court, Ste. 450
Rockville, MD 20850

Marc Carmel
McDonald Hopkins
300 North LaSalle Street
Suite 1400
Chicago, IL 60654

                               **/s/ Steven L. Goldberg**
                               **Steven L. Goldberg**