Entered: September 8th, 2022
Signed: September 7th, 2022
**SO ORDERED**



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| **BURTONSVILLE CROSSING, LLC,** ) | **Case No. 21-10491-MCR** |
| ) | **Chapter 11** |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | |
| **ELDERHOME LAND, LLC** ) | **Case No. 21-10492-MCR** |
| ) | **Chapter 11** |
| Debtor. ) | |
| ) | **Jointly Administered Under** |
| ) | **Case No. 10492-MCR** |
| ) | |

**ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION**
**OF ELDERHOME LAND, LLC AND BURTONSVILLE CROSSING, LLC**

Upon consideration of the Second Amended Joint Plan of Reorganization [Docket No. 217] dated July 1, 2022 (the "**Plan**"), filed by ElderHome Land, LLC and Burtonsville Crossing, LLC ("the "**Debtors**" or "**Plan Proponents**"), debtors and debtors in possession in these jointly administered chapter 11 bankruptcy cases (collectively, the "**Chapter 11 Case**") and the

Summary of Ballots [Docket No. 237] dated August 19, 2022; and the Debtors having transmitted the Plan, the Disclosure Statement for the Plan [Docket No. 218], the Court's Order Approving Disclosure Statement, Setting Hearing on Confirmation of Plan, and Fixing Time for Filing Acceptances or Rejections of Plan Combined With Notice Thereof [Docket No. 220]; and a form of ballot conforming to Official Form 314, to creditors, equity security holders, other parties in interest, and the United States Trustee (collectively, the "**Solicitation Materials**") to all known Holders of Claims and Interests in the Debtors, as set forth in that Certificate of Service [Docket No. 225] filed on July 18, 2022; and no objections to the Plan having been filed; and a hearing to consider confirmation of the Plan having been duly noticed and held before this Court on August 29, 2022 (the "**Confirmation Hearing**"); and upon the full and complete record of the Confirmation Hearing and all matters and proceedings heretofore part of the record of this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    A.    All defined terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Plan. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) ,and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of title 11 of the United States Code (the "**Bankruptcy Code**") and should be confirmed.

    B.    This Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of this Court and all pleadings referenced therein, including all documents filed, all

orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of this Chapter 11 Case, including, without limitation, the Confirmation Hearing.

C. Notice of the Confirmation Hearing, the treatment of Claims and Interests under the Plan, the treatment of unexpired leases and executory contracts under the Plan, and the relevant deadlines for the submission of ballots and objections has been provided in the form, within the time and substantially in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the procedures approved and prescribed by this Court. The notice described in this finding is adequate and sufficient for parties in interest pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3020(b)(2).

D. Ballots were properly transmitted to Holders of Claims in and Interests in Classes 1 through 8, of which Classes 3, 4 and 5 were impaired and entitled to vote to accept or reject the Plan (the "**Voting Class**").

E. The Plan Proponent properly solicited votes for the Plan from the Voting Class in good faith and in a manner consistent with the Bankruptcy Code.

F. The Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code.

G. The classification scheme of Claims and Interests under the Plan is reasonable. In accordance with section 1122 of the Bankruptcy Code, Claims or Interests in each particular Class are substantially similar to other Claims or Interests in such Class.

H. The Plan designates Classes of Claims and Interests, satisfying the requirements of section 1123(a)(1) of the Bankruptcy Code. Specifically, the Plan establishes the following Classes of Claims and Interests: Class 1 – Secured Tax Claim of Montgomery County Against

ElderHome Land; Class 2 – Secured Tax Claim of Montgomery County Against Burtonsville Crossing; Class 3 – Secured Claim of Millenium Investment Group, LLC Against ElderHome Land and Burtonsville Crossing; Class 4 – Post-Petition Secured Claim of SC210034, LLC Against ElderHome Land Burtonsville Crossing; Class 5 – General Unsecured Claims Against ElderHome Land; Class 6 – General Unsecured Claims Against Burtonsville Crossing; Class 7 – Equity Interests in ElderHome Land; and Class 8 – Equity Interests in Burtonsville Crossing.

I. The treatment of each of the Classes of Claims and Interests is specified in Article IV of the Plan and, therefore, satisfies Bankruptcy Code sections 1123(a)(2) and 1123(a)(3).

J. The Plan provides for the same treatment for each Claim or Interest of a particular Class, satisfying the requirements of section 1123(a)(4) of the Bankruptcy Code.

K. The Plan has been accepted by Classes 3, 4 and 5, which are the only Voting Classes, in accordance with section 1126 of the Bankruptcy Code and consistent with Bankruptcy Rule 3018.

L. Classes 1, 2, and 6 are unimpaired and conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

M. Class7 and 8, whose members will receive no distribution under the Plan on account of their Interests are impaired and deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

N. The Plan provides for adequate means for its implementation, satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code.

O. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

P. The Plan complies with the applicable provisions of the Bankruptcy Code, satisfying the requirements of Bankruptcy Code section 1129(a)(1).

Q. The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

R. Based upon the testimony adduced and/or proffered at the Confirmation Hearing, the Plan has been proposed in good faith and not by any means prohibited by law, satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

S. The Plan Proponents have acted in good faith in connection with and relating to the formulation, negotiation, solicitation, and confirmation of the Plan and have acted in compliance with the applicable provisions of the Bankruptcy Code.

T. Any payment made or to be made by the Debtors for services or for costs and expenses in, or in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, this Court as reasonable, satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

U. The Debtors have disclosed that Thomas Norris and Elizabeth Norris shall manage the Reorganized Debtors and continue to oversee their business operations, and their continued employment by the Reorganized Debtors is consistent with the interests of the Debtors' Creditors and Interest Holders and public policy. These disclosures satisfy the requirements of section 1129(a)(5) of the Bankruptcy Code.

V. No rate changes are provided for in the Plan that would require governmental regulatory approval, so section 1129(a)(6) of the Bankruptcy Code is not applicable.

W. With respect to each impaired class of Claims or Interests, each Holder of a Claim or Interest of such Class: (i) has accepted the Plan, if entitled to vote thereon; or (ii) will receive

or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor was to be liquidated under chapter 7 of the Bankruptcy Code on such date. This treatment complies with the "best interest of creditors" test and satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

X.  Except to the extent that a Holder has agreed or agrees to a different treatment of such Claim, Article II of the Plan provides that, with respect to each Allowed Claim of a kind specified in: (i) section 507(a)(2) of the Bankruptcy Code, including, but not limited to, the Holders of Allowed Professional Fee Claims, the Holder of such Claim will receive on account of such Claim, on the applicable distribution date Cash equal to the allowed amount of such Claim; and (ii) section 507(a)(8) of the Bankruptcy Code, the Holder of such Claim will receive, on account of such Claim, Cash on the applicable distribution date equal to the allowed amount of such Claim. This treatment satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Y.  The Plan has been accepted by Classes 3, 4, and 5, the only Voting Classes, which acceptances were determined without including any acceptance of the Plan by any insider holding a Claim in such Class. In addition, insiders holding Claims in Class 5 unanimously voted in favor of the Plan, as did insiders in Class 6, which is unimpaired. As a result, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

Z.  Article VII of the Plan reasonably describe the process by which the Plan will be funded through a refinancing of the secured debt on the ElderHome Land Property, a sale of such Property, potential litigation recoveries, and new value contributions by the Holders of Equity

Interests. As a result, feasibility of the Plan has been demonstrated and the requirement of section 1129(a)(11) of the Bankruptcy Code is satisfied.

AA. The fees payable to the United States Trustee, as provided under 28 U.S.C. § 1930(a)(6), constitute administrative expenses entitled to priority under section 507(a)(2) of the Bankruptcy Code and the treatment of such fees under Articles II and IX of the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

BB. The Plan does not provide for the payment of any retiree benefits within the meaning of section 1114 of the Bankruptcy Code.

CC. This Confirmation Order confirms a single joint plan. Accordingly, the requirements of Section 1129(c) of the Bankruptcy Code have been satisfied.

DD. No party in interest that is a governmental unit has requested that this Court not confirm the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE. Upon entry of this Order as a final order, all conditions to confirmation of the Plan in Article 7.11 of the Plan have been satisfied or waived.

FF. Pursuant to Article VI of the Plan, any and all executory contracts and unexpired leases (the "**Rejected Contracts**") that: (i) are not the subject of a motion to assume or reject on the Confirmation Date; (ii) were not assumed or rejected before the Confirmation Date, or (iii) are not assumed pursuant to the Plan, shall be deemed rejected as of the Confirmation Date and the non-debtor parties to such contracts and leases shall have the right to file a claim for damages, if any, related to such rejection.

GG. The exculpation contained in Article 7.10 of the Plan is limited in scope and is appropriate under the circumstances of the Chapter 11 Case.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

### I. GENERAL

1. The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2. To the extent permitted by applicable law, this Court hereby retains jurisdiction of this Chapter 11 Case: (a) pursuant to and for the purposes of section 105(a) and 1127 of the Bankruptcy Code; and (b) as set forth in Article 7.12 of the Plan.

3. To the extent that any objections to Confirmation of the Plan have not been withdrawn prior to entry of this Order, or are not cured by the relief granted herein, all such objections shall be, and hereby are, overruled.

### II. PLAN CONFIRMATION AND IMPLEMENTATION

4. The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. The absence of a reference to a specific provision of the Plan in this Order shall not, and shall not be deemed to, affect or alter this Court's ruling that every provision of the Plan has been confirmed and approved by this Court.

5. Without further order of this Court, the Debtors are authorized and empowered to execute, deliver, file or record such contracts, instruments, and other agreements or documents and take all actions and perform all acts, including expending funds, reasonably necessary or

appropriate to consummate, effectuate, implement and further evidence the terms and conditions of the Plan.

6. Upon the Effective Date, pursuant to Article 7.01 of the Plan, (a) all property of the Debtors' Estates shall revest in the Reorganized Debtors; and (b) title to all property shall vest in the Reorganized Debtors, absolutely, unconditionally, and indefeasibly, free and clear of all Claims, all liens securing Claims and all Interests (except to the extent that such claims, liens, charges, encumbrances and/or interests have been expressly provided for in the Plan). The Reorganized Debtors shall not be liable or responsible for any Claim against the Debtors or their Estates or any obligation of the Debtors or their Estates except as expressly provided for in the Plan or in this Order.

7. Pursuant to Article 7.07 of the Plan, after the Effective Date, only the Reorganized Debtors shall have the authority to file, prosecute, settle, or otherwise resolve Causes of Action and Avoidance Actions on behalf of the Estates.

8. As of the Effective Date, Thomas Norris and Elizabeth Norris shall manage the Reorganized Debtors as managing members of the Reorganized Debtors pursuant to the New Interests issued in accordance with Articles 4.07 and 4.08 of the Plan; and they shall have the authority to take each and every action identified in Article VII of the Plan or such as is reasonably necessary for the implementation and consummation of the Plan.

9. Upon and following the Effective Date, pursuant to Article VII of the Plan, the Reorganized Debtors should make all Distributions required under the Plan. Consistent with the representations of counsel for the Debtors at the Confirmation Hearing, Distributions to be made to insiders of the Debtors holding Allowed Claims in Classes 5 and 6 shall be subordinated to Distributions to be made to non-insiders holding Allowed Claims in Classes 5 and 6.

### III. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10. Pursuant to Article VI of the Plan, all Executory Contracts or Unexpired Leases that have not been rejected or assumed and assigned as of the Confirmation Date shall be deemed rejected.

### IV. MISCELLANEOUS

11. The Reorganized Debtors shall retain all Causes of Action and Avoidance Actions. Notwithstanding the preceding sentence pursuant to Article 7.07 of the Plan, the adversary proceeding captioned *ElderHome Land, LLC, et al. v. Millenium Investment Group, LLC*, Adversary Proceeding No. 21-00204, shall be dismissed with prejudice and general releases in favor of MIG shall be provided by the Debtors. In addition, all proceedings in all courts by MIG against the non-Debtor related parties of the Debtors shall likewise be dismissed with prejudice and general releases in favor of the non-Debtor related parties shall be provided by MIG.

12. The exculpation contained in Article 7.10 of the Plan is approved in all respects and shall be effective as provided for therein. On the Effective Date, the provisions of Article 7.10I shall be valid, binding and effective in all respects, and are hereby approved as fair, equitable, reasonable and in the best interests of the Debtors, their Estates, Creditors, Interest Holders and other parties in interest in the Chapter 11 Case, without the requirement of any further action by any party in interest in the Chapter 11 Case.

13. The Reorganized Debtors are authorized, pursuant to Article 7.02 of the Plan either (i) to enter into a refinancing transaction pursuant to which, at closing thereon, the Allowed Claims in Classes 1, 2, 3, and 4 are paid in accordance with Article IV of the Plan; or (ii) to transfer title to the ElderHome Land Property to a related party of the Debtors, provided

that, at closing thereon, the Allowed Claims in Classes 1, 2, 3, and 4 are paid in accordance with Article IV of the Plan.  The aforementioned refinancing or sale shall be effected pursuant to the Plan, and to the fullest extent permitted under section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of property under the Plan, including, but not limited to, the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including but not limited to the transfer by the Debtor of its right, title, and interest in and to the ElderHome Land Property, shall not be subject to any stamp, real estate transfer, sales, use, mortgage recording or similar tax, and each recording or other agent of any governmental office shall record any such documents of issuance, transfer, or exchange without any further direction or order from the Bankruptcy Court.

14. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Order, upon the occurrence of the Effective Date, the Plan and the related documents, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

15. To the extent this Order and/or the Plan conflicts with: (a) the Disclosure Statement; (b) any other agreement entered into between the Debtors and any party; or (c) other orders of the Bankruptcy Court, the Plan controls the Disclosure Statement and any such agreements or prior orders, and this Order controls the Plan.

16. Except as otherwise specifically provided by the Plan and this Order, confirmation of the Plan (subject to the occurrence of the Effective Date) shall, pursuant to section 1141(c) of the Bankruptcy Code, enjoin enforcement against property of the Debtors' Estates administered through the Plan of any debt or liability against the Debtors or their Estates that arose before the Confirmation Date, or which might at any time on or after the Confirmation

Date arise out of or relate, directly or indirectly, to any pre-Confirmation Date acts or omissions, any debt of the kind specified in section 502(g), section 502(h) or section 502(i) of the Bankruptcy Code, all Claims treated in the Plan, all contingent and unliquidated liabilities of every type and description to the fullest extent an injunction against enforcement of such liabilities is permitted under section 1141(c) of the Bankruptcy Code, and such injunction shall be applicable to all other Claims against the Debtors or their Estates that were outstanding, accrued or existing, or might reasonably have been asserted, on the Confirmation Date, in each instance whether or not a proof of such Claim is filed or deemed filed, whether or not such Claim is Allowed, and whether or not the Holder of such Claim has voted on the Plan.  For the avoidance of doubt, in accordance with sections 1141(d)(3) and 1141(c) of the Bankruptcy Code, the property of the Debtors administered through the Plan will be free and clear of liens and Claims and any other charges and obligations of Creditors and Interest Holders and will be subject to the provisions of the Plan and this Order.

      17.     Except as expressly otherwise provided for in the Plan, or any order of this Court, all injunctions or stays provided for in this Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence as of the date hereof, shall remain in full force and effect through and including the Effective Date and any such later date as provided for under applicable law.

      18.     Pursuant to section 1141(c) of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan ( as it may hereafter be amended, and all documents and agreements executed pursuant to, the Plan) and this Order shall be binding on: (a) the Debtors; (b) the United States Trustee; and (c) all Holders of Claims against and

Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such Holders accepted the Plan.

19. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all documents related to the Plan and any amendments or modifications to any of the foregoing.

20. Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in this Chapter 11 Case after the Effective Date shall be limited to the following parties: (a) the Reorganized Debtors and their counsel; (b) counsel to the Official Committee of General Unsecured Creditors; (c) all parties who have requested notice; (d) the United States Trustee; (e) all parties entitled to notice pursuant to the provisions of the Plan; and (e) any party known to be directly affected by the relief sought.

21. The Debtors shall serve a copy of this Order by first class U.S. mail, postage prepaid, to all parties that have requested notices pursuant to Bankruptcy Rule 2002 and file with this Court a certificate of such service within five (5) business days of the date of entry of this Order.

22. The Debtors shall serve (a) a notice of entry of this Order, as provided in Bankruptcy Rule 2002(f)(7) to all Creditors and Interest Holders of the Debtors as of the date

hereof within five (5) business days from entry of this Order, and (b) a notice of the Effective Date to all Creditors and Interest Holders of the Debtors as of the date hereof within five (5) business days from the Effective Date.

23. Following the entry of this Confirmation Order, the Debtors may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in this Confirmation Order, as may be necessary to carry out the purposes and effects of the Plan, provided that (a) the Debtors may obtain approval of the Bankruptcy Court for such modification only after notice and a hearing, and (b) such modification will not materially adversely affect the interests, rights, treatment, or distributions of any Claim of Allowed Claims under the Plan.

24. The requirement of Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived. Subject to the occurrence or waiver of conditions precedent to the Effective Date as set forth in Article V7.11 of the Plan, this Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062.

**[END OF ORDER]**

15278354.2  046750.00001